## WILLIE CHRISTOPHERSON V. THE STATE.

### No. 3869.   Decided December 22, 1915.   ,·

**Disturbing the Peace—Insufficiency of the Evidence.**

Where, upon trial of disturbing the peace, the evidence was insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the County Court of Newton.   Tried below before the Hon. W. E. Gray.

Appeal from a conviction of disturbing the peace; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of the evidence:  Steinberger v. State, 35 Texas Crim. Rep., 492.

DAVIDSON, JUDGE.—Appellant was convicted under a charge of disturbing the peace by shooting off his gun near a private residence.

There is very little conflict, if any, in the testimony.  Dougherty, the owner of the house whose peace is said to have been disturbed, testified he was sitting in one of the rooms of his house and heard the discharge of a gun; he looked out and saw the defendant forty-seven steps from his residence with a gun; that defendant fired the gun off in the opposite direction from the house across a lake.  His son testified that appellant fired the gun.  He placed the distance at sixty yards.  Another witness testified he saw appellant fire the shot.  The gun, it seems, was a shotgun.  All of them testified that appellant was going down the road and had passed Dougherty's house some distance when he fired the gun and in the opposite direction from the house, across a lake.  If there was any disturbance it was by reason of the gun being fired within forty-five or sixty yards of the house and in the opposite direction of the house.  There is nothing to indicate any ill-will between the parties, or conduct on the part of appellant that it was for the purpose of disturbing the peace.  The case rests on the simple fact that he discharged his gun as stated.  Appellant introduced one witness named Hamilton, who testified that the night before this occurrence he and appellant had been talking about going to Louisiana.  To discuss this trip they agreed to meet at this lake to determine that matter.  It was understood if appellant went to the lake and fired his gun, it was a signal for the meeting.  That he, upon hearing the gun, went to the lake and met appellant.  They talked about the matter, and remained together a while, separating, going their respective ways.  This is the case.  We are not satisfied appellant should have been convicted under this testimony, and for this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*